Randall *v.* Baker.

---

### RANDALL *v.* BAKER.

Where a mortgage of chattels was made by a firm, of whom one signed the affidavit prescribed, by the name by which the firm was known and designated, it was *held* to have been well signed by that member.

The magistrate, having certified that H. & D. A. B. took the oath as prescribed by law, it was *held* to be a good certificate that all the members of the firm so designated swore.

Where a magistrate certifies that more persons than one took an oath, it is not necessary that he should certify that they "severally" swore; the use of that word not affecting the sense.

TROVER, for eleven horses and other chattels, described in a mortgage from H. & D. A. Burgett to the plaintiff. The defence was, that the defendant was an officer, and had taken the property by virtue of sundry writs against the mortgagers.

Randall *v.* Baker.

To sustain his action the plaintiff gave in evidence a mortgage from H. & D. A. Burgett to himself, dated on the 12th day of February, 1848, purporting to convey the chattels in controversy. The affidavit appended to the mortgage was as follows:

"I, the we said H. & D. A. Burgett, and I, the said Randall, do solemnly swear that the foregoing mortgage is made for the purpose of securing the debt or demand specified in the condition thereof, and for no other purpose whatsoever; and that said debt or demand was not created for the purpose of enabling the said H. & D. A. Burgett to execute the said mortgage, but the same is a just debt or demand, honestly due and owing from the said H. & D. A. Burgett to the said Sylvanus Randall. So help me God. H. & D. A. BURGETT, SYLVANUS RANDALL.

STATE OF NEW-HAMPSHIRE, SULLIVAN ss.

February 12, 1848. Then the said H. & D. A. Burgett and Sylvanus Randall took and subscribed the above oath, as prescribed by law, before me,

A. D. KINGSBURY, *Justice of the Peace.*"

The defendant excepted to the mortgage, as not having been executed in the manner required by the law, but the exception was overruled; and a verdict having been rendered for the plaintiff, the defendant moved the court, upon the ground of the supposed error in the ruling, to set the same aside.

*Cushing,* for the defendant.

*Prentiss,* for the plaintiff.

WILCOX, J. The question presented by this case is, what is the just construction of the certificate which the magistrate has made of the oath that is annexed to the

mortgage? That certificate is as follows : "February 12, 1848. Then the said H. & D. A. Burgett and Sylvanus Randall took and subscribed the above oath, as prescribed by law." This is to receive a fair construction, according to the subject matter. What is this reasonable construction? Are we to understand that the firm of H. & D. A. Burgett, as a firm, took the oath? That would be an absurd and senseless construction. We can only understand that the persons designated as H. & D. A. Burgett took the oath individually. We cannot understand how a firm, as such, can swear.

It does not appear whether there were two persons in the firm or more ; but the only reasonable construction, and that admitted by the defendant, is, that all these persons took the oath ; that is, all the persons known by the appellation of H. & D. A. Burgett. The swearing then was, according to the certificate, well enough.

But the affidavit is said not to be signed by all, but only by one, in the partnership name ; and, therefore, the person who signed as well as swore is not identified by the signature.

A signature by one and a swearing by one is sufficient; Statutes of 1845, ch. 235 ; and we do not see why the person signing may not sign the partnership name. The name does not identify the party who placed it there, but the handwriting ; and this must be proved, whether it expresses the name of the party writing, or of the firm. The partner who signs does so in behalf of the firm, and that he manifests by writing the name of the firm. The result is, that one signs and all swear. It is enough if the one who signs also swears. There is no harm in their all swearing, and there is no evidence that the certificate which so represents the fact is not true.

But it is objected that the certificate does not show that the oath was several. *Pardoe* v. *Terrett*, 5 Mann. & Gr. 291. The statute has prescribed the form of an affidavit,

which is, "We severally swear," &c. But this form need not be literally pursued. A substantial compliance with it is all that is required, and the word "severally" is entirely surplusage, and may be omitted without apparently altering the sense. The swearing cannot be otherwise than several. Several witnesses or mortgagers or mortgagees may be and often are sworn together, and the words used are, "you solemnly swear." The oaths are necessarily several, and a joint oath is hardly supposable. It is difficult to imagine such an oath unless it be such that one is liable for perjury if the other swears falsely. We believe the certificate is unexceptionable. There must, therefore, be

*Judgment on the verdict.*